UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JESSE L. YOUNGBLOOD,

    Plaintiff,

vs.

Warden A. A. LAMARQUE; and 45 Unknown Names of Gov. Officials,

    Defendants.

No. C 12-4423 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a prisoner at Corcoran Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A. Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Initially, the court notes that this complaint is substantially similar to a prior complaint that plaintiff filed with this court that was dismissed.  *See Youngblood v. The People of the State of California*, C 11-4064 PJH (PR).  As this complaint contains a few minor differences, the court will issue this screening order out of an abundance of caution.

Plaintiff's claims are difficult to understand.  He states that from 2002 through 2012 his rights were violated and he sustained injuries from forty-five "John Doe" staff members at Salinas Valley State Prison.  Plaintiff says he was threatened, harassed, drugged, falsely imprisoned, unknown prison staff tampered with his mail and his property was confiscated.  Plaintiff does not provide details regarding the threats or injuries or even the identities of the defendants.

Allegations of verbal harassment and threats fail to state a claim cognizable under 42 U.S.C. § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)

(harassment); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (threats).  And plaintiff's allegation that he suffered physical injuries is conclusory, and so fails to state a claim under the standard announced in *Iqbal*.  The majority of the remaining claims are similarly far too vague to state claim.  For these reasons, to the extent that plaintiff's legal claims are discernable, they are inadequate to state a claim.

In the abstract, defendant Warden Lamarque might be a proper defendant, but plaintiff has alleged no facts showing that Lamarque had any involvement in or knowledge of the events that give rise to his claim; Lamarque is not even mentioned in the portion of the form complaint in which plaintiff is asked to set out his claim.  He thus has failed to state a claim against Lamarque.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  The claims against Lamarque will be dismissed with leave to amend.

Though not named as defendants, plaintiff identifies three correctional officers who may have been involved with the confiscation of plaintiff's property, though the complaint is vague as to what occurred.  Plaintiff is informed that neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process.  *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for any property deprivations.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property.  *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).  Plaintiff will be provided an opportunity to amend regarding his confiscated property if the named

correctional officers are even intended to be defendants in this case.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, with respect to Lamarque and his allegations regarding his property, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  November 15, 2012.

　　　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　　　United States District Judge

G:\PRO-SE\PJH\CR.12\Youngblood4423.dwlta.wpd

4