United States District Court
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                          OAKLAND DIVISION

6

7   JESSE L. YOUNGBLOOD,

8               Plaintiff,                    No. C 12-4423 PJH (PR)

9        vs.                                  **ORDER GRANTING MOTION
                                              TO AMEND; DENYING**
10  Warden A. A. LAMARQUE; and 45             **MOTION TO APPOINT**
    Unknown Names of Gov. Officials,          **COUNSEL; DISMISSING**
11                                            **CASE**
               Defendants.
12  _____/

13       Plaintiff, a prisoner at Corcoran Prison, has filed a pro se civil rights complaint under

14  42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed with leave to amend and he

15  has filed an amended complaint.

16                              **DISCUSSION**

17  **A.    Standard of Review**

18       Federal courts must engage in a preliminary screening of cases in which prisoners

19  seek redress from a governmental entity or officer or employee of a governmental entity.

20  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

22  be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at

23  1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police*

24  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

26  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

27  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

28  grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

United States District Court

For the Northern District of California

1   omitted).  Although in order to state a claim a complaint "does not need detailed factual

2   allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3   requires more than labels and conclusions, and a formulaic recitation of the elements of a

4   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6   (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7   plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

8   the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

9   framework of a complaint, they must be supported by factual allegations.  When there are

10  well-pleaded factual allegations, a court should assume their veracity and then determine

11  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.

12  1937, 1950 (2009).

13          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

14  elements:  (1) that a right secured by the Constitution or laws of the United States was

15  violated, and (2) that the alleged deprivation was committed by a person acting under the

16  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.      Legal Claims**

18          Plaintiff's claims in the amended complaint are again difficult to understand.  He

19  states that from 2005 through 2010 unidentified correctional officers injured him which led

20  to mental anguish, they stole his property and denied him access to the courts.  Plaintiff

21  does not provide details regarding these allegations or even the identities of most of the

22  defendants.  The court also notes that this complaint is substantially similar to a prior

23  complaint that plaintiff filed with this court that was dismissed.  See *Youngblood v. The*

24  *People of the State of California*, C 11-4064 PJH (PR).

25          Plaintiff is informed that neither the negligent nor intentional deprivation of property

26  states a due process claim under § 1983 if the deprivation was random and unauthorized.

27  *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's

28  hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31

*United States District Court*

*For the Northern District of California*

1    (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's

2    property).  The availability of an adequate state post-deprivation remedy, e.g. a state tort

3    action, precludes relief because it provides adequate procedural due process.  *King v.*

4    *Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-

5    deprivation remedy for any property deprivations.  *Barnett v. Centoni*, 31 F.3d 813, 816-17

6    (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Nor is a prisoner protected by the

7    Fourth Amendment against the seizure, destruction or conversion of his property.  *Taylor v.*

8    *Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).

9         Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*,

10   518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a

11   claim for any violation of the right of access to the courts, the prisoner must prove that there

12   was an inadequacy in the prison's legal access program that caused him an actual injury.

13   *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the

14   inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim

15   concerning his conviction or conditions of confinement.  *See id.* at 354-55.

16        Plaintiff has again failed to identify the defendants or even provide details that could

17   state a constitutional claim.  As no amount of amendments would cure the deficiencies of

18   the amended complaint, it will be dismissed without leave to amend.

19                              **CONCLUSION**

20        1.  Plaintiff's motion to amend (Docket No. 7) is **GRANTED** and the court has

21   considered the amended complaint.

22        2.  This action is **DISMISSED** without leave to amend as frivolous and for failure to

23   state a claim.

24        3.  Plaintiff's motion to appoint counsel (Docket No. 9) is **DENIED** as moot.

25        **IT IS SO ORDERED.**

26   Dated:  February 4, 2013.

27                              PHYLLIS J. HAMILTON
                               United States District Judge

28   G:\PRO-SE\PJH\CR.12\Youngblood4423.dis.wpd

3